Robert LITRAS, Plaintiff–Appellant,

v.

**LONG ISLAND RAILROAD,**
Defendant–Appellee.

No. 06–2608–cv.

United States Court of Appeals,
Second Circuit.

March 14, 2007.

Steven L. Kantor, Law Offices of Kantor & Godwin, PLLC, Williamsville, NY, for Plaintiff–Appellant.

William G. Ballaine, Landman Corsi Ballaine & Ford P.C. (Lena Holubnyczyj, on the brief), New York, NY, for Defendant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JANE A. RESTANI,* Chief Judge.

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International

## SUMMARY ORDER

Plaintiff–Appellant Robert Litras appeals from a judgment of the District Court for the Eastern District of New York (Sandra L. Townes, *Judge* ), awarding him, pursuant to a jury verdict, $100,000 for injuries he sustained while working as a locomotive engineer for Defendant–Appellee Long Island Railroad. We assume the parties' familiarity with the balance of facts, procedural history, and specification of issues on appeal.

■ Initially, we cannot review Litras's claim that the District Court improperly denied his motion seeking a new trial on the ground that the jury's verdict was against the weight of the evidence. *Robinson v. Cattaraugus County*, 147 F.3d 153, 160 (2d Cir.1998).

■ To the extent that Litras contends that the jury verdict was inconsistent because it awarded him damages for future medical expenses but not future pain and suffering, Litras waived this argument by failing to raise it before the jury was dismissed. *Haskell v. Kaman Corp.*, 743 F.2d 113, 123 (2d Cir.1984); *see also Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir.2006) ("[A] party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury.").

■ We also conclude that the District Court acted within its discretion by excluding, pursuant to Federal Rule of Evidence 403, evidence showing that defendant refused to authorize back surgery for Litras. The probative value of this evidence was virtually nil since Litras was permitted to explain that he had foregone surgery only because he could not afford it; on the other hand, the risk of confusion on collateral issues and prejudice to defendant was appreciable. *See generally Conway v. Icahn & Co.*, 16 F.3d 504, 510–11 (2d Cir. 1994).

■ Further, we conclude that there was no error in denying plaintiff's offer of proof on the issue of the authorization. Setting aside that Federal Rule of Evidence 103 requires a party to make an offer of proof only as a matter of error preservation, and that we have found no error in the District Court's evidentiary ruling, this proposed testimony was the subject of a motion in limine, and thus the District Court was sufficiently aware of its content, as are we. *W.W.W. Pharm. Co. v. Gillette Co.*, 984 F.2d 567, 575 n. 4 (2d Cir.1993) ("An offer of proof ... is required because an appellate court needs an adequate basis for determining whether a trial court's error regarding an evidentiary matter is prejudicial or merely harmless.") (internal quotation marks omitted).

■ Finally, the District Court properly limited the testimony of plaintiff's treating physicians to their observations made during the course of treatment. *See Perkins v. Origin Medsystems, Inc.*, 299 F.Supp.2d 45, 55 n. 18 (D.Conn.2004); *Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97 Civ. 0607, 2001 WL 21256 (S.D.N.Y. Jan. 9, 2001).

For the reasons set forth above, the judgment of the District Court is AFFIRMED.